DONALD R. WIETJES, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

379 N.W.2d 734

Filed January 17, 1986.    Nos. 84-489, 84-569.

John S. Mingus of Mingus & Mingus, for appellant.

A. Eugene Crump, Deputy Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Donald R. Wietjes appeals a judgment of the district court for Buffalo County affirming an order of the Department of Motor Vehicles revoking Wietjes' driver's license for failure to comply with the provisions of the Nebraska implied consent law. See Neb. Rev. Stat. § 39-669.08 (Reissue 1984).

On the evening of August 14, 1983, Officer Treena Christner was called to the intersection of 39th Street and Avenue N in Kearney to investigate a possible hit-and-run accident. As she arrived at the intersection, Christner observed a small blue automobile parked north of the intersection and ascertained that the vehicle had been involved in an accident. Christner spoke with the driver of the blue automobile, who, when asked "which direction the other vehicle went," directed Christner's attention to Wietjes' brown pickup which was then traveling west on 39th Street. Christner, after observing Wietjes pull the pickup into an alley abutting 39th Street, drove her police cruiser into the alley, approached Wietjes' truck, and asked Wietjes to produce his driver's license. While Wietjes was searching for his license, Christner detected the smell of "alcohol coming from his person" and observed that his "eyes were very bloodshot." Suspecting that Wietjes might be intoxicated, Christner conducted two field sobriety tests on Wietjes, who displayed he was unable to touch his finger to his nose and could not touch his heel to his toe as he "unsteadily" attempted to walk a straight line.

Christner arrested Wietjes for driving while under the influence of alcohol and transported him to the Buffalo County detention center. At the detention facility Christner read Wietjes an "Implied Consent Advisement" form, which Wietjes eventually signed. When asked to take a breath test, however, Wietjes refused and stated: "I didn't do anything wrong so I don't have to take this test." Wietjes was cited for his refusal to take the test.

On October 27, 1983, the Department of Motor Vehicles revoked Wietjes' motor vehicle operator's license for Wietjes'

unreasonable refusal to consent to a chemical test. The department's order of revocation was subsequently affirmed by the district court for Buffalo County.

In his appeal to this court, Wietjes claims the following errors: Neb. Rev. Stat. § 39-669.16 (Reissue 1984) is an illegal delegation of a quasi-judicial duty by the director of the Department of Motor Vehicles to the deputy director of that department; § 39-669.16 is unconstitutional due to vagueness and ambiguity (*reasonable* in reference to a motorist's refusal is not defined by statute or regulation of the Department of Motor Vehicles) and on account of delegation of legislative power to the executive branch to define *reasonable*; and absence of *Miranda* warnings before a request to submit to a chemical test prevents revocation by the Department of Motor Vehicles for refusal to submit to such test. All the preceding assignments of error are identical to the claims raised, resolved, and rejected in *Fulmer v. Jensen, post* p. 582, 379 N.W.2d 736 (1986). We see no need in further elaborating on the principles enunciated in *Fulmer*.

Wietjes also argues, as an issue of fact, that Christner did not have reasonable grounds to believe that Wietjes was operating his truck while under the influence of alcohol.

Under § 39-669.08(2) an officer cannot validly request an individual to submit to a chemical test unless such officer has "reasonable grounds to believe that such person was driving or was in the actual physical control of a motor vehicle upon a public highway in this state while under the influence of alcoholic liquor." However, on appeal to the district court from an order of the director of the Department of Motor Vehicles revoking a motor vehicle operator's license, the burden of proof is on the licensee to establish that the arresting officer did not have reasonable grounds to request a chemical test. See *Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975). In determining whether the licensee has met such a burden, this court, on appeal, reviews the findings of the district court de novo. *Mackey v. Director of Department of Motor Vehicles, supra.*

Officer Christner noted that Wietjes displayed two of the typical signs of intoxication—Wietjes' eyes were bloodshot and

his body reeked of alcoholic beverage. Wietjes had difficulty walking and failed two simple field sobriety tests. Wietjes, moreover, offers no legitimate and plausible explanation for his failure to properly perform the tests. Reviewing the record de novo, we conclude Wietjes has not satisfied his burden of establishing that Christner had no reasonable grounds to believe Wietjes was driving a motor vehicle while under the influence of alcoholic liquor.

The judgment of the district court is correct in all respects and is, therefore, affirmed.

AFFIRMED.