RAYMOND L. POLLARD, APPELLANT, v. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

384 N.W.2d 640

Filed April 11, 1986.   No. 85-414.

Ronald A. Ruff, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

The plaintiff, Raymond L. Pollard, appeals from the judgment of the district court affirming the order of the director of the Department of Motor Vehicles revoking the plaintiff's operator's license and operating privileges under the implied consent law (Neb. Rev. Stat. § 39-669.08 (Reissue 1984)).

The plaintiff was arrested after he was found slumped over the steering wheel of his automobile which had stopped in the middle of an intersection in North Platte, Nebraska. The police officer who found the plaintiff in this condition testified that the plaintiff had "passed out." The officer awakened the plaintiff and asked for his identification. The plaintiff was confused as to where he was; his breath had a strong odor of alcoholic beverage; and he could hardly stand up. When the officer advised the plaintiff that he would have to go with the officer, the plaintiff inquired as to what would happen if he resisted.

The plaintiff was taken to the police department, where the implied consent advisement was read to him and he was asked to submit to a breath test. When asked to submit to a breath test, the plaintiff replied, "No." The plaintiff was then taken to the sheriff's office and incarcerated.

The plaintiff contends that his refusal to submit to the breath test was invalid because he did not understand that he had been asked to submit to a breath test because of his state of intoxication.

A refusal to submit to a chemical test occurs within the meaning of the implied consent law when the licensee, after being asked to submit to a test, so conducts himself as to justify a reasonable person in the requesting officer's position in believing that the licensee understood that he was being asked to

submit to a test and manifested an unwillingness to take it. *Hoyle v. Peterson*, 216 Neb. 253, 343 N.W.2d 730 (1984).

The only understanding required by the licensee is that he has been asked to take a test. It is not a defense that he does not understand the consequences of refusal or is not able to make a reasoned judgment as to what course of action to take. *Winter v. Peterson*, 208 Neb. 785, 305 N.W.2d 803 (1981).

If the suspect knew that he was being asked a question and manifested a refusal, for the purpose of the statute he refused to take the test. *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979).

The only testimony in this case was that of one of the arresting officers. The officer testified:

> The first time I came in contact with him, as I said, he was passed out, he was very drowsy and didn't appear to know for sure what was going on, he was confused. By the time we got him to the station and was reading him the rights, he was fully conscious.

Although it is clear that the plaintiff was severely intoxicated at the time of his arrest, the evidence supports a finding that when the plaintiff was asked to take a breath test, he understood he was being asked to submit to a breath test and refused to do so. The evidence does not establish that the plaintiff's condition rendered him incapable of refusing the test. The judgment is, therefore, affirmed.

AFFIRMED.