LARRY J. GUERZON, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

407 N.W.2d 788

Filed June 19, 1987.   No. 87-014.

John B. McDermott of McDermott, Depue & Zitterkopf, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for Hall County, which affirmed the order of the director of the Department of Motor Vehicles suspending the operator's license of appellant for a 1-year period for a refusal to submit to a breath test under the implied consent law. We affirm.

Two errors are assigned: first, that the refusal was not unreasonable; and second, that the term of suspension should be 6 months, as the penalty provision was shortened to a period of 6 months while the action was pending.

We will discuss the assignments in order. Appellant, after arrest, was requested to submit to a breath test, but declined to do so until he could speak with his Chicago attorney. The arresting officers denied him the opportunity to make the call, as their jail rules do not allow charges for long-distance information calls. Appellant did not know his attorney's phone number. An opportunity to call the night number of several local attorneys was offered, but refused.

The appellant was fully advised that the *Miranda* rights do not attach to a custodial situation involving the request to submit to a chemical test of blood, breath, or urine, and though in this case an opportunity to contact counsel was granted, no right to contact an attorney exists in these circumstances. We said in *State v. Bishop*, 224 Neb. 522, 525, 399 N.W.2d 271, 274 (1987):

> There is no requirement in this jurisdiction that *Miranda* warnings be given prior to a request to submit to a chemical test of blood, breath, or urine. . . . [A] driver is not entitled to consult with an attorney, nor is a delay in the test required should a driver request to consult with an attorney.

The officer was justified in concluding that there was a refusal to take a test. Anything short of an unqualified, unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal. *Hoyle v. Peterson*, 216 Neb. 253, 343 N.W.2d 730 (1984). The first assignment of error is meritless.

As to the assignment concerning the change in the penalty during the pendency of the action, it is equally meritless. In *Brown v. Sullivan*, 195 Neb. 729, 730, 240 N.W.2d 51, 52 (1976), this court held:

> The ruling in State v. Randolph, 186 Neb. 297, 183 N.W.2d 225, that an amendatory act changing a penalty which becomes effective before final judgment in a criminal case shall govern the sentence is not applicable. The revocation of a license to operate a motor vehicle is not a penalty.

The judgment of the district court is affirmed.

AFFIRMED.