WESLEY R. HEUSMAN, APPELLANT, V. HOLLY JENSEN, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

414 N.W.2d 247

Filed October 23, 1987.    No. 85-819.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the order of the district court, affirming the order of the director of the Department of Motor Vehicles, revoking Wesley R. Heusman's motor vehicle operator's license under Nebraska's implied consent law.

In his brief to this court appellant asserts that *Miranda* warnings should have been read to him, that he had a right to counsel prior to deciding whether to submit to a chemical test, that the implied consent statutes are unconstitutional, that he should not have been required to bear the burden of proof, and that he was entitled to be advised of his right to have an independent test of his body fluids conducted by a physician of his choice.

We note first that counsel for appellant abandoned his brief at oral argument. It is therefore unclear whether any of the appellant's assignments of error were preserved. Without deciding this issue, we note further that each of the above questions has recently been examined and decided by this court in a manner inconsistent with the appellant's position.

In *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986), we reaffirmed our position that *Miranda* warnings are not required prior to a request to submit to a chemical analysis under the Nebraska implied consent law. We also reasserted holdings from prior cases that under the implied consent law a driver is not entitled to consult with an attorney before submitting to a chemical test.

Appellant's constitutional argument, that Neb. Rev. Stat. § 39-669.16 (Reissue 1984) is both vague and overbroad because it does not expressly define "reasonable," was also raised and rejected in *Fulmer*.

In *Wietjes v. Jensen*, 221 Neb. 579, 379 N.W.2d 734 (1986), and, additionally, in *Mackey v. Director of Department of*

*Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975), we have held that the burden is on the appealing licensee to prove the invalidity of the revocation order.

Additionally, the appellant contends that the order of the district court should be reversed because no evidence was offered to indicate that an officer was present who was certified to operate the testing device. While this might present a defense to the criminal charge of driving while intoxicated, it does not constitute a justifiable, reasonable excuse for refusing to submit to the test.

Finally, in *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986), we reaffirmed our position that Neb. Rev. Stat. § 39-669.09 (Reissue 1984) does not require the officer to inform the person of his privilege to request an independent test.

For these reasons, the appellant's contentions are without merit, and the order of the district court is affirmed.

AFFIRMED.