STATE OF NEBRASKA, APPELLEE, V. DAVID L. MEDINA, APPELLANT.
419 N.W.2d 864

Filed March 4, 1988.    No. 86-1079.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder, for appellee.

HASTINGS, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and CORRIGAN, D.J.

GRANT, J.

Defendant, David L. Medina, appeals from the district court for Hall County, which affirmed a decision of the county court for that county. Defendant was charged in county court in two counts. After trial in the county court, a jury found defendant not guilty of driving while under the influence of alcohol, and guilty of refusing to submit to a chemical test, pursuant to the implied consent law, Neb. Rev. Stat. § 39-669.08 (Reissue 1984). Defendant timely appealed. We affirm.

The evidence shows that defendant had been to the horseraces in Grand Island, Nebraska, on the afternoon of March 7, 1986, and arrived at a Grand Island bar about 5:30 p.m. Defendant testified he had "[p]robably three, four" drinks at the bar and left, driving directly to the scene of the accident, which occurred on U.S. Highway 281 approximately 3 miles south of Grand Island. The accident happened at approximately 10 p.m.

The evidence showed that a semitrailer truck pulled out of a truck wash on the east side of Highway 281 south of Grand Island and proceeded south in the right lane of a four-lane highway. Approximately 100 feet from the point the truck entered the highway, defendant's car collided with the rear of the truck. When Nebraska State Patrol Trooper Gerald Schenck arrived at the scene, he saw defendant's car stopped in the right lane, with damage to the extent that "the whole front of the vehicle was caved clear in as to where the hood of the vehicle had actually crashed into and through the windshield."

When the trooper approached the defendant's car, he saw that the defendant's face was bleeding. Schenck attempted to speak with the defendant to determine the extent of his injuries, at which time the defendant told him to "get out of his face" and to "leave him alone."

Emergency medical technicians arrived at the scene and attempted to aid defendant, but the defendant kept pushing them away and telling them that he did not need their help. As the defendant was being removed from his car, Schenck smelled

alcohol on his breath. An emergency medical technician also smelled the odor of liquor about the defendant at this time. Schenck again smelled alcohol on defendant's breath after defendant was put in the ambulance.

The defendant was transported by ambulance to the hospital while the trooper conducted an investigation of the accident scene. Schenck radioed another Nebraska state patrolman, Trooper John Frederick, and asked him to go to the hospital to advise the defendant that he was under arrest for driving while intoxicated and to advise defendant of the implied consent law. After Schenck finished his investigation, he proceeded to the hospital.

At the hospital, Schenck told defendant that he was under arrest. At that time, Frederick had already placed defendant under arrest. Frederick then read the implied consent form to the defendant and again advised defendant he was under arrest. At that time, Frederick smelled an odor of alcoholic liquor about the defendant. The defendant told the troopers that he would take the test, but that he would not take it until "tomorrow." Schenck told the defendant that he would have to take the test that night or he would be cited for refusing to submit to a chemical test. The defendant again responded that he would not take the chemical test until the following day. Defendant remained in the hospital for several days for treatment of his injuries.

After defendant's conviction for refusing to submit to a chemical test, he appealed to the district court for Hall County, where his conviction was affirmed. He then appealed to this court, assigning and arguing that the trial court erred (1) in refusing defendant's requested jury instructions Nos. 1 and 2, (2) in sustaining the objection of the State to a question propounded to witness Nancy Hanna, who was a licensed practical nurse and who had seen defendant at the crash and later visited him, and (3) in finding that the evidence was sufficient to support the finding of guilt.

Defendant first assigns as error that his two proposed jury instructions were improperly rejected by the trial court.

Jury instruction No. 6, which was given by the trial court, explained the burden of proof and set out the material elements

which the State must prove in order to convict defendant of the crime of refusal to submit to a chemical test of his body fluids. These elements included: (1) that defendant was placed under arrest; (2) that defendant was placed under arrest for driving under the influence; (3) that the officer required defendant to submit to a chemical test; (4) that at the time of such requirement the officer had reasonable grounds to believe that defendant was driving while under the influence; and (5) that defendant refused to submit to such test. By its finding of guilt, the jury found that the State met its burden in proving these elements.

Defendant's requested jury instruction No. 1 sets out the same elements set out in instruction No. 6, plus more. Defendant's requested instruction expressly directed the jury also to consider defendant's testimony that he did not recall being arrested, being read the implied consent form, or being requested to take a test; and that the jury specifically determine whether defendant had sufficient understanding to be capable of refusing the test.

The trial court retains discretion in the wording of jury instructions. *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984). Further, a jury instruction which directs the attention of the jury to, and unduly emphasizes, a part of the evidence is erroneous and should be refused. *State v. Harrison*, 221 Neb. 521, 378 N.W.2d 199 (1985).

Jury instruction No. 6 set out the material elements that the State must prove "by evidence beyond a reasonable doubt in order to convict the defendant of the crime of refusal to submit to a chemical test of his blood, breath or urine." The last of those elements was set out as "5. That the defendant having been required to submit to a chemical test refused to submit to such chemical test." To "refuse" is defined as "to show or express a positive unwillingness to do or comply with (as something asked, demanded, expected) — used with a following infinitive (refused to answer the question)." Webster's Third New International Dictionary, Unabridged 1910 (1981). "To refuse," by definition, requires that a person understand what is being asked of him and then in some way manifest nonacceptance, nonconsent, or unwillingness. Since the issue

of whether defendant understood that he was being asked to take a test is embodied in the fact that refusal requires understanding, the jury had this issue before it and was sufficiently instructed.

In *State v. Reeves, supra* at 218, 344 N.W.2d at 443, this court held that " ' "[a]ll the instructions must be read together and if the instructions taken as a whole [1] correctly state the law, [2] are not misleading, and [3] adequately cover the issues, there is no prejudicial error." ' " (Quoting *State v. Bartholomew*, 212 Neb. 270, 322 N.W.2d 432 (1982).) See, also, *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). While the issue of whether defendant understood he was being asked a question might have been more clearly submitted, we hold that, taken as a whole, the instructions submitted to the jury in this case correctly state the law, are not misleading, and adequately cover the issues.

Defendant's second requested jury instruction was also rejected by the trial court. That instruction set out that the jury could consider whether excessive intoxication, by which a person is wholly deprived of reason, may prevent a person from realizing that he was under arrest and that he was requested to take a test, and therefore resulted in defendant's not "refusing" to take the test.

Such an instruction is not proper in an implied consent proceeding. In *Jensen v. Jensen*, 222 Neb. 23, 27-28, 382 N.W.2d 9, 12 (1986), we held that " 'a person is not exempted from the provisions of a refusal statute merely because he was too intoxicated to appreciate the consequences of his refusal.' " Since intoxication may not be considered as a factor in whether defendant is capable of refusing, it would be incorrect to allow an intoxication defense as a jury instruction. We hold that the trial court correctly rejected defendant's proposed jury instruction No. 2. We further note that if defendant claims the benefits of the excessive intoxication defense as a defense to count II in this case, he has conceded the truth and accuracy of count I, driving while under the influence of alcohol—a result certainly not desired by defendant.

In his second assignment of error, defendant asserts that the trial court erred in sustaining the State's objection to a certain

question of defendant's directed to a witness. The witness had seen defendant at the site of the crash and later visited defendant in the hospital, 3 days after the accident. By offer of proof, defendant advised the court that he intended to offer testimony from the witness that defendant told the witness, at the hospital, that he did not remember seeing her at the crash scene. The State objected, stating that "[t]his [was] no longer relevant to the issues." The trial court sustained the objection. We agree. Defendant's self-serving statement made 3 days after the incident was not relevant to the issue before the jury. There was no showing as to defendant's condition or state of mind at that time in the hospital while defendant was under treatment. A statement by defendant, 3 days after the accident, is not relevant to the question of whether defendant refused to submit to a chemical test on the night in question.

Defendant's third assignment of error asserts that the evidence does not support the finding of guilt. Defendant alleges that the evidence does not show that defendant was under arrest, as required for taking the test. The evidence set out above, if believed by the jury, establishes the fact that defendant was placed under arrest—not once, but three times.

Defendant also contends that the evidence does not support a finding that he understood he was being asked to take a test and that he was in a condition to refuse to take the test. A review of the evidence in the record does not support defendant's contention. When asked to submit to a chemical test, defendant stated that he would take it the following day. In *Clontz v. Jensen, ante* p. 191, 195, 416 N.W.2d 577, 580 (1987), we held: "The law is clear that anything less than an unqualified, unequivocal assent to an officer's request to submit to a chemical test constitutes a refusal." See, also, *Guerzon v. Jensen*, 225 Neb. 712, 407 N.W.2d 788 (1987). The presence of mind required to be capable of refusal was set forth by this court in *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979). We stated at 691, 285 N.W.2d at 104: "If the suspect knew that he was being asked a question and manifested a refusal, he was for the purpose of the statute [§ 39-669.08], refusing to take a test." See, also, *Clontz v. Jensen, supra; Pollard v. Jensen*, 222 Neb. 521, 384 N.W.2d 640 (1986). The

responsive nature of defendant's reply to the trooper's request indicates that he knew he was being asked a question. Defendant's reply constituted a refusal.

In *Wohlgemuth v. Pearson, supra*, this court considered the refusal to take a chemical test in a civil proceeding—an appeal from the administrative order of the Director of Motor Vehicles suspending a motorist's driver's license. Nonetheless, the tests set out in such a proceeding may be applied to a criminal proceeding, provided, of course, that the burden of proof in the criminal proceeding must be that of "beyond a reasonable doubt."

In *Wohlgemuth, supra* at 691, 285 N.W.2d at 104, we held that " 'a refusal to submit to the [chemical] test occurs where the conduct of the arrested motorist is such that a reasonable person in the officer's position would be justified in believing that such motorist was capable of refusal and manifested an unwillingness to submit to the test.' " Viewed in that light, the evidence supports the jury's determination of guilt in this case.

There was no error in the action of the trial court, and defendant's conviction is affirmed.

AFFIRMED.