STATE OF NEBRASKA, APPELLEE, V. PATRICK J. GREEN, APPELLANT.
427 N.W.2d 304

Filed August 12, 1988.   No. 87-859.

Patrick J. Green, pro se.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant-appellant, Patrick J. Green, was charged in the county court for Platte County in three counts: count I, driving while under the influence of alcoholic liquor, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986); count II, refusal to submit to a chemical test to determine the alcoholic content in his body fluids, in violation of Neb. Rev. Stat. § 39-669.08(4) (Cum. Supp. 1986), second offense; and count III, refusal to submit to a preliminary breath test, in violation of § 39-669.08(3). At his arraignment in county court, defendant pled not guilty and, after being given a full explanation of his legal rights, chose to represent himself and demanded a jury trial. After trial, the jury returned a verdict of not guilty on count I and guilty of the charges in counts II and III. Defendant was sentenced to 30 days in county jail and fined $500 on count II, and was fined $50 on count III. Defendant appealed to the district court for Platte County, where the judgment and sentences were affirmed. Defendant timely appealed.

In this court, defendant assigns four errors. He contends (1) that the sentence imposing incarceration and a fine on defendant constitutes cruel and unusual punishment and is unconstitutional; (2) that "[f]or the State to create and enforce

a statute contrary to the Federal Constitution, constitutes an unconstitutional act"; (3) that "[f]or the State to manifest a contract which includes clauses denying constitutional rights, constitutes an unconstitutional act"; and (4) that the "reading of the Miranda Warnings after the fact that you have already been asked to incriminate yourself, makes the Miranda Warnings null and void." We affirm.

The record shows that at 2 a.m. on September 28, 1986, defendant was in his car alone and was involved in a one-car accident in Columbus, Nebraska. Defendant's car struck a median, overturned, and came to rest on its top. Columbus police officers and Platte County deputy sheriffs arrived at the scene. There they found defendant, smelled the odor of alcohol on his breath, and saw that his face was flushed and his right eye was bloodshot. Testimony showed defendant's left eye is artificial.

At the scene, defendant refused to undergo a preliminary breath test, stating to the deputy sheriff, who was properly certificated to perform such a test, that "he would stand on the Fifth [Amendment] and was not going to take any test."

Defendant was then transported to the police station in Columbus. There he was informed he was under arrest for driving while intoxicated. Defendant was then informed of the implied consent statute, § 39-669.08, and was specifically warned of the consequences of refusing to take a test. Defendant then refused to take a blood or urine test and was charged with refusing to take the offered test.

In this court, defendant does not challenge the facts supporting his conviction, but, as his assigned errors indicate, contends that the statutes requiring motorists to take breath, blood, or urine tests are unconstitutional for many reasons, including that the statutes require a motorist to testify against himself.

Defendant's contentions in his brief are based on the criminal law. Defendant does not recognize that driving a motor vehicle is not a fundamental right, but is a privilege granted by the State. *Porter v. Jensen*, 223 Neb. 438, 390 N.W.2d 511 (1986); *State v. Michalski*, 221 Neb. 380, 377 N.W.2d 510 (1985); *Prucha v. Department of Motor Vehicles*, 172 Neb. 415, 110

N.W.2d 75 (1961).

It is also clear that evidence obtained from a driver by testing body fluids in the implied consent context is not testimonial or communicative in nature and does not fall within the constitutional right against self-incrimination. *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986); *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966).

Finally, we have often held that *Miranda* warnings are not required before a law enforcement officer's request that a driver submit to a chemical analysis under the Nebraska implied consent law. *Heusman v. Jensen*, 226 Neb. 666, 414 N.W.2d 247 (1987); *Guerzon v. Jensen*, 225 Neb. 712, 407 N.W.2d 788 (1987); and cases cited therein.

Defendant's assignments of error are without merit. The judgment of the district court, affirming the judgment and sentences imposed by the county court, is affirmed.

AFFIRMED.