DONALD B. MACKEY, APPELLANT, v. DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

235 N. W. 2d 394

Filed November 20, 1975. No. 39885.

William W. Lyons of Russell, Colfer, Lyons & Wood, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal under the provisions of section 60-420, R. R. S. 1943, from an order of the District Court for Red Willow County affirming an order of the Director of the Department of Motor Vehicles made under the provisions of section 39-669.16, R. R. S. 1943, revoking the motor vehicle operator's license of the plaintiff-appellant Mackey for refusal to give a blood sample for chemical testing under the provisions of the implied consent law. § 39-669.08, R. R. S. 1943.

In this appeal plaintiff asserts: (1) The evidence was insufficient to permit the trial court to find that the arresting officer had reasonable ground to believe that Mackey was driving a motor vehicle while under the influence of intoxicating liquor. (2) The evidence was insufficient to show that Mackey refused to give a body fluid specimen for testing. (3) The evidence shows that

because of the effect of injuries, Mackey was mentally incapable of refusing to give a sample. (4) The evidence is insufficient to show that the arresting officer advised Mackey of the consequence of refusal as required by section 39-669.08(5), R. R. S. 1943. We affirm.

We summarize the evidence before the trial court as follows: Mackey, at about midnight on December 2, 1973, was at a tavern in McCook, Nebraska. He left the tavern at about 1 o'clock a.m. to go home. After he entered his automobile he encountered an acquaintance, one Keene, who had come upon a friend, Jimenez, who was too intoxicated to drive. Keene proposed to drive Jimenez to his home 3 miles east of McCook. Keene asked Mackey if he would follow in his car and bring Keene back to town. Mackey agreed. Jimenez was delivered to his home uneventfully. As Mackey backed his auto onto the highway from the Jimenez driveway and turned to drive west, he and Keene observed a car coming from the west which they described as swerving on the highway. It was very foggy at the time. The oncoming car struck the Mackey automobile near the left rear fender and wheel. Another car came along and passed safely. A third vehicle then collided with the left front of the Mackey car. Mackey suffered head injuries. It is unclear from the evidence whether these injuries were incurred in the first or the second collision. The Nebraska State Patrol was summoned. When the officer arrived he observed Mackey being supported by Keene and the driver of the third vehicle. It was the import of the testimony of Mackey, Keene, and the driver of the third vehicle that this support was required because Mackey was dazed and groggy from his injuries and that they did not want to let Mackey rest on the wet, cold, snow-covered ground. The officer testified that when he arrived at the scene the Mackey car was astraddle the centerline of the highway. He made inquiry as to ownership of that car and was advised that Mackey was the owner. The officer did not

at that time speak to Mackey, but observed his features with the aid of a flashlight. The officer testified that Mackey's eyes were bloodshot and that he detected the faint odor of beer on Mackey's breath, and he observed a small stream of blood coming down his face. An ambulance was called and Mackey was taken to a hospital where he received treatment, including the suturing of the head wound. The officer arrived at the hospital while treatment was being administered. He observed and heard Mackey's conversation with the treating physician. He described Mackey's conversation as incoherent and difficult to understand. Mackey testified that he remembered very little of what happened after the collision until after the request for a body fluid specimen. The officer testified that as soon as the doctor finished his treatment the officer advised Mackey that he was under arrest for driving while intoxicated. He then asked Mackey to give a urine sample. Mackey agreed, but was unable to urinate. After futile attempts for about 15 minutes, the officer then asked Mackey to give him a breath or blood sample. Mackey then told the officer that he did not think that he would do that. Another request was made and then the officer advised Mackey of the consequence of refusal by reading to him from an "advisement" form. The officer testified he did not read the entire form. He left out paragraph one and part of paragraph five. The advisement form was identified, but never offered or received in evidence. The part of paragraph five which the officer testified was included in his warning to Mackey was read into the record as follows:  " 'You may choose whether the test so required shall be a chemical test of your blood, breath or urine.' " The record does not show specifically what the balance of the warnings given were, but does affirmatively show that Miranda warnings were not given or commingled with advice on consequence of refusal. See Wiseman v. Sullivan, 190 Neb. 724, 211 N. W. 2d 906. The officer further testified that after Mackey declined to give a

blood or breath specimen Mackey told the officer, " 'Go ahead and turn it over to the Motor Vehicle Department', or something to that affect (sic)." The officer also testified that after he again asked Mackey if he would rather give a blood or breath test he stated, " 'Just go ahead and turn it over to the Motor Vehicle Department.' " Hospital personnel who may have observed Mackey at the time of his treatment and arrest were not called as witnesses.

On appeal from a revocation of a motor vehicle operator's license under the implied consent statute this court reviews the finding of the trial court de novo. Wiseman v. Sullivan, supra. It is important to our consideration of the issues that we first determine upon which party rests the burden of proof. In Lutjemeyer·v. Dennis, 186 Neb. 46, 180 N. W. 2d 679, we held that in an appeal under the provisions of section 60-420, R. R. S. 1943, from an order of the Director of the Department of Motor Vehicles revoking a motor vehicle operator's license under the· points statute, former section 39-7,129, R. R. S. 1943, the burden is upon the plaintiff to prove the facts upon which he relies to establish that the revocation was unlawful. Plaintiff cites Metschke v. Department of Motor Vehicles, 186 Neb. 197, 181 N. W. 2d 843, as authority for the proposition that upon appeal to the District Court the burden is upon the State to show that the arresting officer had reasonable grounds to believe that the person arrested was driving a motor vehicle while under the influence of intoxicating liquor. Metschke was decided shortly after Lutjemeyer. Are the holdings in the two cases reconcilable? We believe they are. In Metschke it was conceded that the plaintiff had refused to give the requested sample. However, whether the officer had reasonable grounds for arrest as prescribed by statute was an issue. The opinion in Metschke says: "On the trial in the ·district court, Metschke testified in his own behalf and rested his case. The State moved to dismiss the appeal on˙the ground

that Metschke had not shown that his refusal to take the test was reasonable. The motion was overruled and the State thereupon rested its case. The court then entered judgment for Metschke. . . . In this case, there is no evidence that reasonable grounds for the arrest existed. . . ." The court cited former section 39-727.03, R. R. S. 1943 (now section 39-669.08, R. R. S. 1943), not for the purpose of determining the burden of proof upon appeal, but simply for the purpose of showing that reasonable grounds for arrest and arrest are conditions precedent to a valid denial of a body fluid sample. Syllabus 1 in Metschke goes further than the opinion and would appear to put the burden of proof on the State in the District Court. Is there any reason for applying a different rule on burden of proof as to revocations under the implied consent statute from that applicable in point revocations? After a careful examination of our statutes and the case law of other jurisdictions, we conclude there is not and that, insofar as the first syllabus in Metschke appears to hold otherwise, it is disapproved.

Section 39-669.15, R. R. S. 1943, by prescribing the contents of the affidavit which the arresting officer must file with the Director of the Department of Motor Vehicles after a person refuses to submit to a sobriety test, places the burden upon the State to make a prima facie case for revocation before the Director. Section 39-669.16, R. R. S. 1943, provides for notice to the person and an opportunity to be heard prior to revocation, and provides in part: "After granting the person an opportunity to be heard on such issue, if it is not shown to the director that such refusal to submit to such chemical test was reasonable, the director shall summarily revoke the motor vehicle operator's license. . . ." Section 39-669.18, R. R. S. 1943, makes the appeal procedures provided for in section 60-420, R. R. S. 1943, applicable to implied consent revocations. Section 60-420, R. R. S. 1943, provides in part: "The district court shall

hear the appeal as in equity and without a jury, and determine anew all questions raised before the director; . . . ."

Other jurisdictions with similar statutory schemes are divided on the question of burden of proof. The following cases place the burden upon the plaintiff: Buda v. Fulton, 261 Iowa 981, 157 N. W. 2d 336; Lira v. Billings, 196 Kan. 726, 414 P. 2d 13; Hoban v. Rice, 25 Ohio St. 2d 111, 267 N. E. 2d 311; Burbage v. Department of Motor Vehicles, 252 Ore. 486, 450 P. 2d 775. Cases to the contrary are Campbell v. Superior Court, 106 Ariz. 542, 479 P. 2d 685; and Chmelka v. Smith, 81 S. D. 40, 130 N. W. 2d 423.

The rationale of the Iowa court set forth in Buda v. Fulton, *supra,* is persuasive and we refer the reader to that opinion. We hold that on appeal to the District Court under section 60-420, R. R. S. 1943, from an order of the Director of the Department of Motor Vehicles made under section 39-669.16, R. R. S. 1943, revoking a motor vehicle operator's license, the burden of proof is on the licensee to establish by a preponderance of the evidence the ground for reversal. Our statutory scheme seems to contemplate that an order of the Director shall have prima facie validity if the necessary affidavit is filed with the Department of Motor Vehicles and therefore places upon the appealing licensee the burden of pleading and proving the specific grounds upon which he relies to establish his claim of invalidity.

Based upon our reading of the record de novo, but taking into consideration the advantage the trial court had of observing the witnesses, we conclude the plaintiff has not established that the arresting officer had no reasonable grounds to believe Mackey was driving a motor vehicle while under the influence of intoxicating liquor, or that the arresting officer failed to advise Mackey of the consequence of refusal as required by section 39-669.08(5), R. R. S. 1943.

The second and third assignments require some fur-

ther discussion. With reference to assignment (2), it is clear the plaintiff agreed to give and attempted to give a urine sample. He could not do so. He then declined to give either a breath or a blood specimen. This constitutes a refusal within the meaning of the implied consent statute. See, State, Department of Highways v. Lauseng, 289 Minn. 344, 183 N. W. 2d 926; Quesada v. Orr, 14 Cal. App. 3d 866, 92 Cal. Rptr. 640; Cahall v. Department of Motor Vehicles, 16 Cal. App. 3d 491, 94 Cal. Rptr. 182. We hold, as did the Minnesota court, that where blood, breath, or urine tests were available to a motorist under arrest for operating a motor vehicle while under the influence of alcoholic liquors, his inability to provide, within a reasonable time, a urine sample for a chemical test, which he elected to take, and his unwillingness to submit to either blood or breath tests offered to him in the alternative constitute a refusal to permit chemical testing as provided for in the implied consent statute.

Assignment (3) upon which the plaintiff relies does not allege a legally viable ground to set aside the revocation. Section 39-669.10, R. R. S. 1943, provides: "Any person who is unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by section 39-669.08 and the test may be given." Where a person is incapable of refusal, the sample may be taken provided the other conditions of section 39-669.08, R. R. S. 1943, are met. See State v. Howard, 193 Neb. 45, 225 N. W. 2d 391.

The judgment of the District Court should be affirmed.

AFFIRMED.