CARROLL L. RUDAT, APPELLANT, V. R. JAMES PEARSON,
DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES
OF THE STATE OF NEBRASKA, APPELLEE.

275 N. W. 2d 279

Filed February 13, 1979. No. 41861.

R. Steven Geshell and Robak & Geshell, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before SPENCER, Retired Justice, BOSLAUGH, and WHITE, JJ., and WOLF and SPRAGUE, District Judges.

SPRAGUE, District Judge.

This is an appeal under the provisions of section 60-420, R. R. S. 1943, from an order of the District Court for Platte County affirming an order of the Director of the Department of Motor Vehicles made under the provisions of section 39-669.16, R. R. S. 1943, revoking the motor vehicle operator's license of the plaintiff-appellant Rudat for refusal to give a breath test under the provisions of the implied consent law. § 39-669.16, R. R. S. 1943.

The evidence shows that on February 11, 1977, the plaintiff, Rudat, took his wife to do some shopping in Columbus. While his wife shopped, the plaintiff drank beer in a local bar for about 50 minutes. The plaintiff and his wife prepared to drive home. He collided with another car as he backed out of a parking space. The two drivers went back into the bar to discuss the matter as it was cold outside. The police were called. An officer arrived 35 minutes after the accident occurred. The plaintiff testified he had two more beers between the time the accident occurred and the time the police officer arrived. When the two motorists got into the police car to complete the accident reports, the officer smelled alcohol on the breath of both operators. He requested both men take a preliminary breath test. The plaintiff refused to take the test. Plaintiff was placed under arrest and taken to the police station. He was requested to submit to an accurate test of the alcohol in his blood. Plaintiff, after being read the implied consent advisement, asked to speak to his attorney. The police told him he could call his attorney after a preliminary test. Plaintiff refused. He was then allowed to call his attorney who advised him to refuse to take the test. Plaintiff testified he told the police he refused because he consumed beer after the accident and his attorney had advised him to refuse. The arresting officer denied that the plaintiff informed him of his consumption of beer after the ac-

cident. The officer stated he did not see the accident. Defendant's examiner heard the case on April 6, 1977, and found that plaintiff's refusal to submit to the test was not reasonable.

In this appeal plaintiff asserts: (1) The evidence shows the arresting officer had no reasonable grounds to believe that Rudat was driving a motor vehicle while under the influence of intoxicating liquor, and therefore the request to take a sobriety test was unreasonable; and (2) the evidence shows Rudat's refusal to take the breath test was reasonable, and therefore the actions of the Motor Vehicle Department were arbitrary, capricious, and not supported by the facts or the law.

Even if the evidence is taken in the light most favorable to the plaintiff, and it is conceded that the officer was aware of the plaintiff's subsequent ingestion of an alcoholic beverage after the accident, we nonetheless conclude that the officer had reasonable grounds to request a sobriety test.

The record shows that Rudat admitted he had been operating a motor vehicle and that he had been involved in an accident. The record further shows that the officer on the scene smelled alcohol on Rudat's breath. The officer further observed that Rudat's eyes were bloodshot and that he had difficulty in understanding the officer's instructions. Section 39-669.08 (3), R. R. S. 1943, provides that the officer may request a sobriety test if he determines that there are reasonable grounds to believe that a person [operator] has alcohol in his body and has been involved in a traffic accident. The record clearly supports the officer's determination that such grounds existed. The officer cannot be charged with the duty of determining the relative degree of sobriety of the plaintiff before and after the accident.

The plaintiff argues that his consumption of alcohol following the accident establishes a "reasonable" basis for refusal to submit to the test, as the test

would not represent his blood alcohol content at the time of the accident.

The implied consent laws are intended as a means to obtain evidence of violations of the drunken driving statutes. The results of such a test may be subject to challenge at the time of trial. However, a possible defense to the crime of driving while intoxicated cannot be used as an excuse to refuse to provide evidence, otherwise legally obtained, under the implied consent statutes. The question of the probative value of the evidence is properly raised only at the time of trial.

The court has held in Mackey v. Director of Dept. of Motor Vehicles, 194 Neb. 707, 235 N. W. 2d 394, that the burden of proof is on the licensee to establish by a preponderance of the evidence the grounds for a reversal. The plaintiff has clearly failed to carry this burden.

The judgment of the District Court should be and hereby is affirmed.

AFFIRMED.