MICHAEL J. MCPHERRIN, APPELLEE, V. JACK C. CONRAD,
DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, APPELLEE,
AND DEPARTMENT OF MOTOR VEHICLES, APPELLANT.
537 N.W.2d 498

Filed September 22, 1995.   No. S-93-981.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellant.

Gerald M. Stilmock, of Brandt, Horan, Hallstrom & Sedlacek, for appellee McPherrin.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

## I. INTRODUCTION

Following an administrative hearing, defendant-appellee, Jack C. Conrad, director of defendant-appellant, Nebraska Department of Motor Vehicles, revoked the driver's license previously issued to plaintiff-appellee, Michael J. McPherrin, on the ground that he had been driving while under the influence of intoxicating liquor. McPherrin then sought judicial review. The district court reversed the director's order and ordered that McPherrin's license be reinstated. The department thereupon appealed to the Nebraska Court of Appeals, asserting as operative claims of error that the district court (1) mistakenly

concluded its director failed to establish a prima facie case and (2) incorrectly determined that its director had improvidently deprived McPherrin of discovery. In order to regulate the caseloads of the two courts, we, on our own motion, removed the matter to this court. We now affirm the judgment of the district court.

## II. SCOPE OF REVIEW

The issues present questions of law; thus, we have an obligation to reach our own independent conclusions. See *Ben Simon's, Inc. v. Lincoln Joint-Venture, ante* p. 465, 535 N.W.2d 712 (1995).

## III. FACTS

The department claims that a chemical test performed after McPherrin's arrest on April 3, 1993, measured a higher-than-permitted level of alcohol in his blood. As a result, under the provisions of the administrative license revocation statutes, Neb. Rev. Stat. §§ 39-669.15 through 39-669.17 (Cum. Supp. 1992), the director served McPherrin with a notice of revocation and provided him a temporary license. McPherrin demanded an administrative hearing and, in order that he might obtain an independent test, moved that the director order production of McPherrin's blood sample, which was being stored at the Department of Health. The director denied the motion on the ground that he had no authority to issue an order directing another state agency to produce physical evidence.

At the commencement of the hearing held on May 28, 1993, the director, through his hearing officer, granted McPherrin's request that the Nebraska rules of evidence be applied. McPherrin then renewed his production motion and, upon its again being overruled, moved for a dismissal because in the absence of production of the sample, he had been unable to obtain an independent test. That motion was overruled as well, and the hearing proceeded.

Through the hearing officer, the director received in evidence a copy of the director's letter advising McPherrin that his driver's license had been revoked. The director also received in evidence, for the limited purpose of establishing his jurisdiction

and not "as proof of any of the statements made" therein, a copy of the single document containing the notice to McPherrin that his driver's license had been suspended, the officer's sworn statement, and McPherrin's temporary driver's license.

The arresting officer then testified that as a result of his contact with McPherrin, he filed a sworn report. After the officer's testimony that he had no personal knowledge of the reliability or validity of the testing procedures and that the information contained in his report was provided by the health department's laboratory, the report was received for the limited purpose of establishing that it had been provided and not "as subjective [sic] evidence of the statements therein . . . simply that the statements have been made to the [d]irector as required by 39–669.15(3)." The report recites, among other things, that at the time of arrest there existed reasonable grounds to believe McPherrin was operating a motor vehicle while under the influence of alcoholic liquor or drugs and that he was validly arrested because he had been observed speeding, smelled of alcohol, had bloodshot eyes, displayed a blank stare, failed field sobriety tests, failed the "PASS–WARN–FAIL BREATH TEST AND DIGITAL READ OUT BREATH TEST," and submitted to a blood–breath test which indicated an alcohol concentration of ten–hundredths or more, specifically, ".116 gram/100 ml blood or gram/210 L breath."

The defendants then rested; McPherrin offered no evidence.

## IV. ANALYSIS

### 1. Prima Facie Case

In the first claim of error, the department challenges the district court's finding that the director failed to establish a prima facie case.

At the time of McPherrin's arrest, Neb. Rev. Stat. § 39–669.07(1) (Cum. Supp. 1992), made it unlawful, among other things, for one to drive with a concentration of ten–hundredths of 1 gram or more by weight of alcohol per 100 milliliters of blood, or with a concentration of ten–hundredths of 1 gram or more by weight of alcohol per 210 liters of breath. As the record stands, the evidence is only that the arresting officer swore in his report that at the time of arrest there was

reasonable ground to believe that McPherrin had been driving while the concentration of alcohol in his blood or breath exceeded the allowable limits, but there is no evidence that such a concentration in fact existed. McPherrin urges that because of the lack of such evidence, the district court's finding is correct. Because McPherrin's analysis is limited to that claimed lack of evidence, we so limit our review.

So limited, the pertinent parts of the relevant statute, § 39-669.15(6)(c)(ii), provided that in the event of a test disclosing "the presence of alcohol in a concentration specified in section 39-669.07," the issues at the hearing were limited to whether "(A) . . . the law enforcement officer [had] probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 39-669.07" and to whether "(D) . . . the person [was] operating or in the actual physical control of a motor vehicle while having an alcohol concentration in violation of subsection (1) of section 39-669.07."

Prior to the adoption of the version of § 39-669.15 at issue, i.e., the version in force at the time of McPherrin's arrest and administrative hearing, which became effective January 1, 1993 (1992 Neb. Laws, L.B. 291), an earlier version was in force, which required the officer arresting a licensee to forward a sworn report to the director reciting that the licensee had been validly arrested and the reasons therefor, that the licensee was requested to submit to the mandated test, and that the licensee refused to submit thereto. 1992 Neb. Laws, L.B. 872. The pre-1993 version of § 39-669.16 (Reissue 1988) further provided for notice and an opportunity to be heard and that the director was to summarily revoke the license if it were not shown that such refusal was reasonable.

In like manner, the revocation scheme at issue required, in relevant part, as Neb. Rev. Stat. § 60-6,205 (Reissue 1993) presently requires, that the arresting officer forward a sworn report to the department stating that the licensee was validly arrested and the reasons therefor, that the licensee was requested to submit to the mandated test, and that the licensee refused to submit thereto. A licensee seeking to contest the revocation was required to "state the grounds on which [the licensee relied] to

prevent the revocation from becoming effective." § 39–669.15(6)(a) (Cum. Supp. 1992). As in the pre–1993 version, there was no language in the revocation scheme at issue requiring the director, upon receipt of the officer's report, to conduct an independent investigation into the events giving rise to the arrest. Rather, the statutory language in both instances presumed that the revocation would occur unless the licensee took affirmative action to prevent such from happening. Thus, in relevant aspects, the revocation scheme at issue was remarkably similar to the pre–1993 scheme.

In considering that prior statutory scheme, we determined in *Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975), that the burden of proof was on the State to make a prima facie case for revocation. We further held, however, that once the officer's sworn report was provided, the director's order of revocation had prima facie validity. It then became the licensee's burden to establish grounds for reversal by a preponderance of the evidence. See, also, *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986). Thus, reading the statutory scheme at issue in light of our holdings under the pre–1993 scheme, we must conclude that defendants made a prima facie case once they established the officer provided his sworn report containing the required recitations. The director was not required to prove the recitations were true. Rather, it became McPherrin's burden to prove that one or more of the recitations were false.

## 2. Discovery

In the second assignment of error, the department takes issue with the district court's ruling that the director had power to direct the Department of Health to produce the sample of McPherrin's blood obtained in the course of McPherrin's arrest.

The answer is found in our determination that generally speaking, a suit against a state agency is a suit against the state itself. While the pronouncement appears to have been first made in a case in which that point was conceded, *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939), *overruled on other grounds, Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985), and *Pointer v. State*, 219 Neb. 315,

363 N.W.2d 164 (1985), we nonetheless recently applied the *Anstine* dictum in *State v. Schrein*, 247 Neb. 256, 526 N.W.2d 420 (1995).

Therein, the convict sought calculation of the good time the Department of Correctional Services was to credit against his sentence in accordance with newly enacted statutes. In rejecting the State's argument that the court below was without jurisdiction to order the calculation sought, we reasoned that the State could not at one and the same time admit it was itself a proper party to the case but argue that its own agency, the Department of Correctional Services, was not.

It therefore follows that the State cannot frustrate the discovery of evidence merely because it has elected to operate through a number of agencies and directors. Accordingly, the director did indeed have authority to direct the Department of Health to produce the sample of McPherrin's blood for independent testing.

Given that McPherrin had the burden of establishing that he did not have more than the allowable concentration of alcohol in his blood at the time he was operating, or in the actual physical control of, a motor vehicle, he correctly argues that the director's erroneous ruling deprived him of due process. As we observed in *Geringer v. City of Omaha*, 237 Neb. 928, 468 N.W.2d 372 (1991), due process in an administrative proceeding includes the reasonable opportunity to present evidence concerning the accusation.

## V. JUDGMENT

Because the district court correctly ruled that the director erroneously refused to produce the sample of McPherrin's blood for independent testing, the judgment of the district court is correct and is therefore hereby affirmed.

AFFIRMED.