CHARLES L. MAHLENDORF, APPELLEE AND CROSS-APPELLANT, V. NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLANT AND CROSS-APPELLEE.

538 N.W.2d 773

Filed October 24, 1995. No. A-94-054.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellant.

L. William Kelly, of Kelly & Schroeder, for appellee.

IRWIN and MILLER–LERMAN, Judges, and HOWARD, District Judge, Retired.

HOWARD, District Judge, Retired.

The Nebraska Department of Motor Vehicles appeals from a district court order which reversed the department's revocation of Charles L. Mahlendorf's driver's license. Mahlendorf had his license revoked pursuant to the automatic license revocation provisions of Neb. Rev. Stat. § 39–669.15 et seq. (Reissue 1988 & Cum. Supp. 1992). Mahlendorf cross–appeals, alleging that the district court erred when it did not award him attorney fees. For the reasons stated below, we reverse the district court's order and dismiss the cross–appeal.

## STATEMENT OF FACTS

Mahlendorf was arrested on April 4, 1993, and had his license impounded pursuant to §§ 39–669.15 through 39–669.18. These sections have since been transferred to Neb. Rev. Stat. §§ 60–6,205 through 60–6,208 (Reissue 1993), but the transfer of the sections and renumbering of the sections has no substantive bearing on the case at hand. Mahlendorf filed a petition for an administrative hearing on April 14, resisting the automatic license revocation. Mahlendorf requested that the rules of evidence be used during the hearing, and his request was granted. The department requested a continuance of the hearing, and an administrative hearing was held on May 13.

The department offered the testimony of Aurora police officer Benjamin Penick, who testified that as a result of his contact with Mahlendorf, Penick had filed a sworn report with the department. The attorney representing the department then offered the sworn report into evidence, but Mahlendorf objected to the offer on the basis of foundation, and the objection was sustained by the hearing officer. The department's attorney then

stated that the document was not offered

> to prove the truth of the matter assertive [sic] therein but to show that Officer Penick did file it with the Department of Motor Vehicles, and that it stated the things contained on the face of it when it was submitted, but that the document is not being offered as proof of anything. It's not being offered to prove the truth of the matter assertive [sic] on the document, rather simply to show that it was filed with the Department of Motor Vehicles on this day. And that the Director has jurisdiction over this matter.

Mahlendorf's attorney stated he had no objection if the offer of the report was only for that purpose, and the hearing officer then accepted the report into evidence "to establish jurisdictional grounds and to show that the sworn report was filed by Officer Penick but will not be considered for the truth of the matters asserted therein." The department did not offer further evidence, and Mahlendorf offered no evidence at the hearing. The director of the department ordered that Mahlendorf's license be revoked for 90 days, effective May 19, 1993.

Mahlendorf appealed the director's decision to the district court, alleging that the director erred when he revoked Mahlendorf's license because the department had failed to establish a prima facie case. The district court found that because the department had offered and received the sworn report of Penick solely for the purpose of establishing jurisdiction and to show the sworn report was filed,

> [t]here was no other competent evidence received at the contest hearing that would support a finding that the law enforcement officer had probable cause; that the appellant was lawfully arrested; that the appellant was advised of the consequences or that the appellant was operating or in the actual physical control of a motor vehicle.
>
> . . . .
>
> The consideration by the Director of [the sworn report] to establish the prima facie case for revocation was error because it was not offered or received for that purpose
>
> . . . .

The district court held that the department had failed to

establish a prima facie case for revocation and therefore vacated the director's order. The department appeals.

## ASSIGNMENTS OF ERROR

The department alleges that the district court erred when it found that the department had failed to establish a prima facie case and when it reversed the order revoking Mahlendorf's driver's license.

## STANDARD OF REVIEW

In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994). In an appeal under the Administrative Procedure Act, an appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994). When reviewing for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Lee v. Nebraska State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994).

## ANALYSIS

We are guided in our analysis of this case by the recent Nebraska Supreme Court opinion in *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). In *McPherrin*, the court noted that before adoption of the automatic license revocation provisions of § 39–669.15 (Cum. Supp. 1992), the administrative revocation of driver's licenses in association with driving while intoxicated occurred when a driver, arrested for driving while intoxicated, refused to submit to a chemical test of his or her blood, breath, or urine. See § 39–669.15 (Reissue 1974). Under the old statute, when an arrested driver refused to submit to the test, the arresting officer was required to make a sworn report to the director of the Department of Motor

Vehicles. The statute provided that the report must state (1) that the driver was validly arrested pursuant to the implied consent statute and the reasons for such an arrest, (2) that the driver was requested to submit to the required chemical test, and (3) that the driver refused to submit to the test.

Section 39-669.16 (Reissue 1974) required the director to notify the driver of the date of a hearing regarding the reasonableness of the driver's refusal to submit to the test. The statute further provided that after the hearing, "if it is not shown to the director that such refusal to submit to such chemical test was reasonable, the director shall summarily revoke the motor vehicle operator's license."

The Nebraska Supreme Court in *Mackey v. Director of Department of Motor Vehicles*, 194 Neb. 707, 235 N.W.2d 394 (1975), held that § 39-669.15, by prescribing what must be stated in the arresting officer's affidavit filed with the director after a person refuses to submit to the chemical test, places the burden upon the State to make a prima facie case for revocation before the director. The *Mackey* court held that upon appeal from an order revoking a driver's license, the licensee bears the burden of proof to establish by a preponderance of the evidence the ground for reversal.

In 1992, the Nebraska Legislature adopted the automatic license revocation statutes. Section 39-669.15 (Cum. Supp. 1992) provides that upon a driver's arrest, if the driver refuses to submit, or submits to a test and is found to be intoxicated, the arresting officer must immediately impound the driver's license, issue a temporary, 30-day permit, and notify the driver that the revocation of his or her license shall be automatic 30 days after the driver's arrest unless the driver files a petition for a hearing. The statute further states that the arresting officer shall forward to the director a sworn report stating (1) that the person was validly arrested pursuant to the implied consent statute, (2) that the person was requested to submit to the test, (3) that the person was advised of the consequences of refusing to submit or submitting to a test which results in a showing of intoxication, and (4) that the person either refused to submit or submitted and was found intoxicated. While the statutory provision regarding the arresting officer's sworn report now

provides that the officer must attest that he or she advised the driver of the consequences of refusing or submitting to the test and provides that a sworn report must be filed when a person submits to a test and is found intoxicated, the court in *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995), noted that the 1992 amendments to § 39–669.15, now found at § 60–6,205, did not change the statutory requirement that a sworn report must be provided in order for the State to meet its burden of making a prima facie case.

In *McPherrin*, the hearing officer received the sworn report of the arresting officer into evidence for the limited purpose of establishing jurisdiction and not as " 'proof of any of the statements made.' " *Id*. at 563, 537 N.W.2d at 500. The arresting officer then testified that as a result of his contact with McPherrin, he had filed a sworn report. The report was then received again into evidence for the purpose of proving the sworn report had been provided and as evidence that " 'statements have been made to the [d]irector as required by 39–699.15(3).' " *Id*. The *McPherrin* court held that

reading the statutory scheme at issue in light of our holdings under the pre–1993 scheme, we must conclude that defendants made a prima facie case once they established the officer provided his sworn report containing the required recitations. The director was not required to prove the recitations were true. Rather, it became McPherrin's burden to prove that one or more of the recitations were false.

*Id*. at 565, 537 N.W.2d at 501.

In the case at hand, the department offered the sworn report of the arresting officer for the purpose of establishing jurisdiction and as proof that "it stated the things contained on the face of it when it was submitted." Mahlendorf's attorney stated that there would be no objection if the offer was for that limited purpose. We see little distinction between *McPherrin*, in which there was an offer of a report for jurisdictional purposes and for purposes of showing that " 'statements have been made to the [d]irector as required by 39–669.15(3),' " and the case at hand, in which there was an offer for jurisdictional purposes and for the purpose of showing that the report "stated the things

contained on the face of it when it was submitted." The report, among other things, states that Mahlendorf was validly arrested after crossing the centerline four times while driving and after performing field sobriety tests poorly; that Mahlendorf was advised of the consequences of refusing or submitting to a chemical test of his blood, breath, or urine; and that Mahlendorf, having submitted to a test, was found to have .137 grams of alcohol per 100 milliliters of blood or 210 liters of breath. Such recitations meet the statutory requirements of § 39-669.15 (Cum. Supp. 1992), and therefore, the department made a prima facie case, thus shifting the burden of proof to Mahlendorf to present evidence to prove that one or more of the recitations in the report were false. See *McPherrin, supra.*

Mahlendorf alleges in his cross-appeal that the district court erred when it did not grant his motion for attorney fees. Because we have reversed the district court's order, Mahlendorf's cross-appeal is dismissed.

## CONCLUSION

We find that under *McPherrin*, the department met the burden of presenting a prima facie case when the sworn report was offered as proof that the report had been provided and that it contained the recitations found on its face, which met the requirements of § 39-669.15. Therefore, we reverse the district court's order and remand the cause for the purpose of reinstating the director's order. Because we reverse the district court's order, Mahlendorf is not entitled to attorney fees.

REVERSED AND REMANDED WITH DIRECTIONS.

MILLER-LERMAN, Judge, concurring.

I would have thought in a case in which the rules of evidence have been invoked that a greater foundation by the testifying officer would be required before the sworn report could be admitted. Further, I would have thought in a case in which the rules of evidence have been invoked that a document admitted for jurisdictional purposes, but not offered "to prove the truth of the matter assertive [sic] therein" and not admitted for such purposes, would be incapable of establishing a prima facie case, even under Neb. Rev. Stat. § 39-669.15(2) or (3) (Cum. Supp. 1992) and 247 Neb. Admin. Code, ch. 1, § 006.05B (1993).

However, based on *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995), I concur.