STEVEN E. SCOTT, APPELLEE, V. STATE OF NEBRASKA,
DEPARTMENT OF MOTOR VEHICLES, APPELLANT.
703 N.W.2d 266

Filed September 6, 2005.    No. A-04-710.

Jon Bruning, Attorney General, and Laura L. Neeson for appellant.

No appearance for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

SIEVERS, Judge.

The State of Nebraska, Department of Motor Vehicles (the Department), appeals the judgment of the district court for Douglas County, which reversed an order of the Department revoking the driver's license of Steven E. Scott (Steven) for 90 days. We reverse the decision of the district court and reinstate the order of the Department.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2003, at approximately 1 a.m., Officer Vincent J. Salerno of the Omaha Police Department received a radio call for assistance from Officer Harold Scott. Officer Scott, while en route to another call (regarding an unrelated assault), had observed and stopped Steven for erratic driving behavior. Officer Scott wanted Officer Salerno to conduct a drunk driving investigation while he (Officer Scott) continued with the assault investigation. Thus, Officer Salerno contacted Steven in the parking lot of an apartment complex in Omaha where Steven resided. When Officer Salerno arrived, Steven was standing outside of his vehicle with Officer Scott. Officer Scott advised Officer Salerno of his observations and identified Steven as the erratic driver. Officer Salerno identified Steven with a Nebraska driver's license.

Officer Salerno noticed that Steven's eyes were bloodshot and watery, that his speech and balance were impaired, and that he

had a strong odor of alcohol about him. Steven showed impairment on field sobriety tests and failed a preliminary breath test. Officer Salerno arrested Steven for suspicion of driving under the influence of alcohol and took him to a hospital, where Steven's blood alcohol content tested at .147 grams of alcohol per 100 milliliters of blood.

Officer Salerno completed a sworn report and filed it with the Department. Steven was given a temporary license, valid for 30 days from the date of notice.

A petition for administrative hearing was received from Steven by the Department on December 12, 2003, and a hearing was scheduled for December 31. Also on December 12, Steven filed his request that the rules of evidence be applied at his administrative hearing, and such request was granted by the Department on December 15. On December 31, an administrative license revocation (ALR) hearing was held before a hearing officer for the Department to determine whether Steven was operating or in the actual physical control of a motor vehicle while under the influence of alcohol, in violation of Neb. Rev. Stat. § 60-6,196 (Supp. 2003). The hearing officer's report states that the hearing was conducted without the rules of evidence because neither party requested use of such. However, as stated previously, Steven did make a request for use of the rules of evidence at the hearing, and such request was granted by the Department. Thus, our review is on the basis that the hearing was a "rules of evidence hearing." "In hearings for which the rules of evidence have been requested and granted, the hearing shall be conducted according to the Nebraska rules of evidence applicable in district courts." 247 Neb. Admin. Code, ch. 1, § 019.02 (2001). Officer Scott did not appear at the ALR hearing. Officer Salerno was present, and he testified.

The Department offered Officer Salerno's signed sworn report at the hearing, and such was received into evidence over Steven's hearsay and foundation objections. The hearing officer recommended that Steven's "driver's license and/or operating privileges" be revoked for the statutory period, and the director of the Department entered such an order, revoking Steven's driver's license or operating privileges for 90 days.

On February 6, 2004, Steven filed his "Petition for Judicial Review of Administrative Order" in the district court for Douglas County. In his petition, Steven alleges that "the Order of the Director is unsupported by competent, material, and substantial evidence; is in violation of [Steven's] constitutional right to due process and to confront and cross-examine; and is premised upon errors of law" because there was no proof that he was operating or in the actual physical control of a motor vehicle. Steven referenced the hearing officer's report, which stated that Steven had established that Officer Salerno did not see Steven drive and did not see him in a vehicle. Steven requested that the district court reverse the director's order and reinstate his driver's license and operating privileges.

A hearing on Steven's petition for judicial review was held on April 28, 2004. On May 12, the district court entered an order reversing the Department's January 7 order of revocation and reinstating Steven's driver's license and operating privileges. The district court found that prior to the ALR hearing, Steven had filed a formal request pursuant to Neb. Rev. Stat. § 84-914(1) (Reissue 1999) that the rules of evidence be applied at the hearing and the Department had granted such request. The district court found that Officer Scott, who observed Steven prior to his arrest, did not testify at the hearing, and that the Department relied on hearsay testimony from Officer Salerno, who formally arrested Steven, to establish that Steven was operating a motor vehicle at the time in question. The district court noted that Steven made a timely hearsay objection to Officer Salerno's testimony, but that the hearing officer overruled Steven's objection. The district court found that the testimony was "clearly hearsay, and inadmissible under the rules of evidence." The district court held that without that testimony, there was insufficient evidence to show that Steven was operating a motor vehicle, and that the revocation of Steven's driving privileges should thus have been dismissed. The Department now appeals, but Steven has not filed a brief.

## ASSIGNMENT OF ERROR

The Department alleges that the district court erred by ruling that the record lacked sufficient evidence that Steven was in fact

operating a motor vehicle pursuant to Neb. Rev. Stat. § 60-498.01 (Supp. 2003), thereby misplacing the burden of proof on the Department to establish that Steven was in fact operating a motor vehicle, rather than allocating the burden to Steven to disprove the Department's prima facie case.

## STANDARD OF REVIEW

■ Decisions of the director of the Department, pursuant to Nebraska's ALR statutes, are appealed under the Administrative Procedure Act. *Reiter v. Wimes*, 263 Neb. 277, 640 N.W.2d 19 (2002). A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1999); *Trackwell v. Nebraska Dept. of Admin. Servs.*, 8 Neb. App. 233, 591 N.W.2d 95 (1999). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ Interpretation of statutes presents a question of law, and an appellate court is obligated to reach an independent conclusion, irrespective of the decision made by the court below, with deference to an agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002).

## ANALYSIS

The district court found that the hearsay objection to Officer Salerno's testimony of Officer Scott's having observed Steven driving in an erratic manner should have been sustained and that once it had been sustained, the Department had not produced any evidence that Steven was operating a motor vehicle. The district court's decision is an error of law because it fails to recognize that the introduction of the sworn report—even if offered only for jurisdictional purposes—creates a prima facie case for revocation which the driver must disprove.

■ "The sworn report of the arresting officer shall be received into the record by the Hearing Officer as the jurisdictional document of the hearing, and upon receipt of the sworn report,

the Director's order of revocation has prima facie validity." 247 Neb. Admin. Code, ch. 1, § 006.01 (2001). See § 60-498.01(7). See, also, *Morrissey, supra* (as general rule, offer by Department of sworn report at ALR hearing establishes Department's prima facie case and burden shifts to driver to refute such evidence; this rule having been adopted with knowledge that in some circumstances, officer may not have personal knowledge of every fact stated in sworn report). However, "[t]he rule presupposes a proper report, that is, a sworn report which comports with statutes and the relevant administrative rules and regulations." *Id.* at 459, 647 N.W.2d at 649. There was no contention at the ALR hearing that Officer Salerno's report was not a "proper" sworn report under *Morrissey*, and without an appellee's brief, there is no such contention before us. In any event, we note that the required recitations are as follows: (1) that the person whose license is at issue was arrested as described in Neb. Rev. Stat. § 60-6,197(2) (Supp. 2003) (upon reasonable grounds to believe such person was driving under the influence), and the reasons for such arrest; (2) that the person was requested to submit to the required test; and (3) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration of .08 of 1 gram or more per 100 milliliters of blood or per 210 liters of breath. See § 60-498.01(3). The sworn report in this case contains such recitations.

As stated earlier, this was a rules of evidence hearing, as was *Mahlendorf v. Department of Motor Vehicles*, 4 Neb. App. 108, 538 N.W.2d 773 (1995), which is a case very much on point. In *Mahlendorf*, the Department offered the testimony of Officer Benjamin Penick, who testified that he filed a sworn report with the Department as a result of his contact with Charles L. Mahlendorf. The Department offered the sworn report into evidence. Mahlendorf objected on the basis of foundation, and such objection was sustained. The Department told the hearing officer that

> the [report] was not offered "to prove the truth of the matter assertive [sic] therein but to show that Officer Penick did file it with the Department . . . and that it stated the things contained on the face of it when it was submitted, but that

the [report] is not being offered as proof of anything. It's not being offered to prove the truth of the matter assertive [sic] on the [report], rather simply to show that it was filed with the Department . . . on this day. And that the Director has jurisdiction over this matter."

*Id.* at 110, 538 N.W.2d at 775. This court then recounted:

Mahlendorf's attorney stated he had no objection if the offer of the report was only for that purpose, and the hearing officer then accepted the report into evidence "to establish jurisdictional grounds and to show that the sworn report was filed by Officer Penick but will not be considered for the truth of the matters asserted therein." The [D]epartment did not offer further evidence, and Mahlendorf offered no evidence at the hearing. The director of the [D]epartment ordered that Mahlendorf's license be revoked for 90 days, effective May 19, 1993.

*Id.*

Mahlendorf appealed to the district court, alleging that the director erred when he revoked Mahlendorf's license because the Department had failed to establish a prima facie case. The district court found that because the Department had offered and received the sworn report of Officer Penick solely for the purpose of establishing jurisdiction and to show that the sworn report was filed,

"[t]here was no other competent evidence received at the contest hearing that would support a finding that [Officer Penick] had probable cause; that [Mahlendorf] was lawfully arrested; that [Mahlendorf] was advised of the consequences or that [Mahlendorf] was operating or in the actual physical control of a motor vehicle.

. . . .

"The consideration by the Director of [the sworn report] to establish the prima facie case for revocation was error because it was not offered or received for that purpose. . . ."

*Id.* The district court held that the Department had failed to establish a prima facie case for revocation, and it therefore vacated the director's order, virtually the same decision as was reached by the district court in the present case.

The Department then appealed to this court, and we reversed the decision of the district court, relying upon *McPherrin v.*

*Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). *McPherrin* was also a rules of evidence case in which the hearing officer received the sworn report of the arresting officer into evidence for the limited purpose of establishing jurisdiction and not as " 'proof of any of the statements made,' " 248 Neb. at 563, 537 N.W.2d at 500. The *McPherrin* court stated:

> [W]e must conclude that [the Department and its director] made a prima facie case once they established the officer provided his sworn report containing the required recitations. The director was not required to prove the recitations were true. Rather, it became [the alleged driver's] burden to prove that one or more of the recitations were false.

248 Neb. at 565, 537 N.W.2d at 501. In summary, if it is a proper sworn report, meaning that it contains the required recitations, then no other evidence need be introduced to sustain the case for revocation. Instead, the driver must then disprove the recitations of the sworn report. The testimony of Officer Salerno about what Officer Scott told him was obviously hearsay, but such testimony was not needed to make out the Department's prima facie case because that was done by the sworn report, making Officer Salerno's testimony essentially superfluous beyond providing foundation for the receipt of the report into evidence.

Therefore, the crucial inquiry is whether Steven carried his burden to disprove the recitations that he was driving a motor vehicle and that he was doing so with an illegal blood alcohol concentration. The answer is in the negative, as he introduced no evidence. See *Dale v. Thomas Funeral Home*, 237 Neb. 528, 466 N.W.2d 805 (1991) (prima facie case means that evidence sufficiently establishes elements of cause of action). Thus, under § 60-498.01(7), once the sworn report was received, the case for revocation had "prima facie validity" and the burden was Steven's to establish that the revocation should not take effect. Steven could have undertaken this burden by, for example, testifying that he had not been the driver of the vehicle because he was in Rome on the night in question and offering proof such as "Here's my airline ticket to prove it." The cross-examination testimony of Officer Salerno that establishes the fact he relied on what his fellow officer observed and told him does not disprove the recitations in the Department's prima

facie case, and no other evidence even remotely calls into question the accuracy of the sworn report. Accordingly, we reverse the decision of the district court and remand the cause with directions to reinstate the decision of the director.

REVERSED AND REMANDED WITH DIRECTIONS.