778 N.W.2d 751 (2009)
18 Neb. App. 222
Levi J. BOWMAN, appellant,
v.
Beverly NETH, director, State of Nebraska, Department of Motor Vehicles, appellee.
No. A-09-110.
Court of Appeals of Nebraska.
December 22, 2009.
*752 Julie E. Bear, of Reinsch, Slattery & Bear, P.C., L.L.O., Plattsmouth, for appellant.
Jon Bruning, Attorney General, and Milissa Johnson-Wiles, Lincoln, for appellee.
IRWIN, SIEVERS, and CARLSON, Judges.
CARLSON, Judge.

INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R. App. P. § 2-111(B)(1) (rev. 2008), this case was ordered submitted without oral argument. Levi J. Bowman *753 appeals from an order of the district court for Cass County affirming the order of Beverly Neth, the director of the Department of Motor Vehicles (Department), revoking Bowman's driver's license. On appeal, Bowman argues that the district court erred in finding that the Department had jurisdiction to revoke his license. Specifically, Bowman contends that the court erred in failing to find that the Department failed to properly offer and receive the sworn report, by finding that he waived his objection to the sworn report, by finding that the offer of the sworn report by the Department establishes a prima facie case and shifted the burden of proof to Bowman, and in finding that the sworn report had been properly acknowledged by the notary public. For the reasons set forth below, we affirm.

BACKGROUND
On September 21, 2008, Officer Todd K. Hammond of the Plattsmouth Police Department conducted a traffic stop of Bowman after he failed to stop at a stop sign. Upon contacting Bowman, Hammond noticed an odor of alcohol on Bowman's person. Bowman told Hammond that he had been drinking alcohol. Hammond gave Bowman a preliminary breath test, which Bowman failed. Hammond then arrested Bowman for driving under the influence of alcohol and minor in possession of alcohol.
Bowman then submitted to a chemical test of his breath which indicated that he had a blood alcohol content of .09 of 1 gram per 210 liters of breath. Hammond filled out and signed the sworn report before a notary and sent the report to the Department. The sworn report contains Hammond's signature, and on a blank line under "Names and Badge Numbers of all Arresting Officers" is handwritten "TODD K HAMMOND #16." (Emphasis omitted.) The sworn report bears the signature and stamp of a general notary and states, "This foregoing instrument was acknowledged before me this 21st day of September, 2008 by Hammond."
On October 21, 2008, an informal hearing was held before an officer of the Department. At the beginning of the hearing, the hearing officer stated, "[T]he only exhibit that I'm marking is the Notice/Sworn Report/Temporary License.... So any objection to the Sworn Report?" Bowman objected on foundation. The hearing officer then asked foundational questions of Hammond. At the close of the hearing, the hearing officer asked Bowman if he had any further argument, and Bowman submitted the case.
In the hearing officer's proposed findings of fact and conclusions of law, he stated that the sworn report had been admitted into evidence as "Exhibit 1." On October 28, 2008, the director entered an order revoking Bowman's license. Bowman appealed to the district court, which affirmed the director's order of revocation. Bowman appeals.

ASSIGNMENTS OF ERROR
On appeal, Bowman contends that the district court erred in finding that (1) the Department had jurisdiction to revoke Bowman's driver's license, as the Department failed to properly offer and receive the sworn report; (2) he waived his objection to the sworn report by failing to insist on a ruling after proper objection to the same; (3) the offer of the sworn report by the Department established a prima facie case and shifted the burden of proof to Bowman; and (4) the sworn report had been properly acknowledged by the notary public.

ANALYSIS

Introduction of Sworn Report.
On appeal, Bowman contends that the district court erred in finding that the *754 Department had jurisdiction to revoke his driver's license, as the Department failed to properly offer and receive the sworn report, and in finding that Bowman waived his objection to the sworn report by failing to insist on a ruling after proper objection to the same. Bowman also argues that the trial court erred in finding that the offer of the sworn report by the Department established a prima facie case and shifted the burden of proof to Bowman.
In affirming the Department's decision to revoke Bowman's license, the district court noted that the hearing officer never stated his ruling on the admission of exhibit 1, the sworn report, at the hearing but that the hearing officer ruled on the admission thereof in his recommendations. The district court found that Bowman's failure to insist on a ruling at the hearing waived his objection to the sworn report and that the sworn report is in evidence for consideration the same as other evidence.
The sworn report of the arresting officer is received into the record by the hearing officer as the jurisdictional document of a license revocation hearing, and upon the receipt of the sworn report, the order of revocation by the director of the Department has prima facie validity. 247 Neb. Admin. Code, ch. 1, § 006.01 (2005); Barnett v. Department of Motor Vehicles, 17 Neb.App. 795, 770 N.W.2d 672 (2009); Yenney v. Nebraska Dept. of Motor Vehicles, 15 Neb.App. 446, 729 N.W.2d 95 (2007). See, also, Neb.Rev.Stat. § 60-498.01(7) (Reissue 2004), which states in part, "Upon receipt of the arresting peace officer's sworn report, the director's order of revocation has prima facie validity and it becomes the petitioner's burden to establish by a preponderance of the evidence grounds upon which the operator's license revocation should not take effect."
Bowman argues that the Department failed to prove a prima facie case because the sworn report was never received by the hearing officer at the hearing. We disagree. In Scott v. State, 13 Neb.App. 867, 703 N.W.2d 266 (2005), we cited the above language in § 60-498.01 and held that the Department created a prima facie case for license revocation by the introduction of the sworn report of the peace officer. See, also, Morrissey v. Department of Motor Vehicles, 264 Neb. 456, 647 N.W.2d 644 (2002), disapproved on other grounds, Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005), and McPherrin v. Conrad, 248 Neb. 561, 537 N.W.2d 498 (1995), disapproved on other grounds, Hahn v. Neth, supra, which state that as a general rule, the offer by the Department of a sworn report at a license revocation hearing establishes the Department's prima facie case and shifts the burden to the driver to refute such evidence.
In the instant case, the Department clearly offered or introduced the sworn report into evidence at the hearing. At the beginning of the hearing, the hearing officer stated, "[T]he only exhibit that I'm marking is the Notice/Sworn Report/Temporary License .... So any objection to the Sworn Report?" Bowman objected on foundation. The hearing officer then asked foundational questions of Hammond. At the close of the hearing, the hearing officer asked Bowman if he had any further argument, and Bowman submitted the case. In the hearing officer's proposed findings of fact and conclusions of law, he stated that the sworn report had been admitted into evidence as exhibit 1.
We note that Bowman failed to insist upon a ruling on his objection. The Nebraska Supreme Court has previously ruled that when the record does not clearly indicate that an exhibit has been received into evidence, a party objecting to *755 the receipt of the exhibit waived its objection when it did not insist upon a ruling on the objection, and the evidence is in the record for consideration the same as other evidence. Diversified Telecom Servs. v. Clevinger, 268 Neb. 388, 683 N.W.2d 338 (2004).
Therefore, because the sworn report was received at the hearing, the offer of the sworn report established a prima facie case against Bowman. Bowman's assignments of error relating to introduction of the sworn report are without merit.

Notary Acknowledgment.
Bowman contends that the trial court erred in finding that the sworn report had been properly acknowledged by the notary public. An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. Johnson v. Neth, 276 Neb. 886, 758 N.W.2d 395 (2008).
The sworn report contains Hammond's signature, and on a blank line under "Names and Badge Numbers of all Arresting Officers" in the body of the report is handwritten "TODD K HAMMOND #16." (Emphasis omitted.) In the acknowledgment section, there is a line requesting the "Peace Officer['s] name and badge number." In that line, only Hammond's last name is written and not his first name or badge number. Bowman argues that "[i]t is impossible to know by the words [sic] `Hammond' who is doing the acknowledging." Brief for appellant at 19.
In support of his position, Bowman cites to Johnson v. Neth, supra, where the Supreme Court found that where the acknowledgment section was left entirely blank, the sworn report was ineffective for purposes of conferring jurisdiction on the Department. The court noted that the notary was required to confirm the identity of the officer who signed the report.
In the instant case, it is possible to tell that the name "Hammond" refers to the arresting officer. This is not a case like Johnson v. Neth, where the acknowledgment section was left entirely blank. Hammond may not have listed his first name and badge number in the acknowledgment section of the sworn report, but Hammond's first name and badge number are in the report in two other locations.
As noted above, a sworn report in an administrative license revocation proceeding is, by definition, an affidavit, which must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. See id. The test is whether the certificate of acknowledgment substantially complies with the requirements of Nebraska law. See id. The certificate of acknowledgment in the instant case substantially complies with the requirements of Nebraska law, and the sworn report does show that it was sworn to by Hammond. Therefore, we cannot say that the trial court erred in finding that the sworn report had been properly acknowledged by the notary public. For this reason, Bowman's last assignment of error is without merit.

CONCLUSION
After reviewing the record, we conclude that the district court did not err in finding that the Department had jurisdiction to revoke Bowman's driver's license. The Department did not fail to properly offer and the hearing officer did not fail to properly receive the sworn report, and Bowman waived his objection to the admission of the sworn report by failing to insist on a ruling on his objection. The offer of the sworn report by the Department established a prima facie case against Bowman which shifted the burden of proof to *756 Bowman. Bowman did not present any evidence to rebut the Department's case. Additionally, the trial court properly found that the sworn report had been properly acknowledged by the notary public. For these reasons, the district court's order affirming the Department's revocation of Bowman's license is affirmed in all respects.
AFFIRMED.